\*\*E-Filed 11/1/05\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK SHERWOOD,<br><br>                Plaintiff,<br><br>     v.<br><br>WAVECREST CORPORATION, et al.,<br><br>                Defendants. | Case Number C 05-02354<br><br>ORDER[1] DENYING SPECIAL MOTION TO STRIKE AND DENYING REQUEST FOR ATTORNEYS' FEES<br><br>[Docket No. 4] |

On June 9, 2005, Plaintiff Mark Sherwood ("Sherwood") filed a complaint against Defendants Wavecrest Corporation ("Wavecrest"), Amherst Systems Associates, Inc. ("Amherst"), Dennis Leisz ("Leisz"), and Michael K. Williams. Sherwood alleges three claims for relif – interference with contract, defamation, and interference with prospective business advantage – against all Defendants. On August 23, 2005, Defendants Wavecrest and Leisz filed an amended special motion to strike all three claims and for attorneys' fees and costs pursuant to California Code of Civil Procedure § 425.16. On October 10, 2005, Sherwood filed opposition

---

[1] This disposition is not designated for publication and may not be cited.

to the special motion to strike. The Court heard oral argument on October 28, 2005.

## I. BACKGROUND

Wavecrest, a semiconductor capital equipment supplier, hired Sherwood in 1997. At the time of his hiring, Sherwood signed an Employment Agreement that contained a covenant not to compete with Wavecrest. Because of a reduction in workforce, Wavecrest laid off Sherwood, effective October 15, 1998. At that time, Sherwood signed a Separation Agreement, in which Wavecrest and Sherwood reaffirmed the earlier covenant not to compete. Sherwood then was hired by GuideTech. Wavecrest considered GuideTech to be a competitor subject to the covenant not to compete, and contacted both Sherwood and GuideTech. Sherwood subsequently contacted Wavecrest, claiming that Wavecrest had caused his termination from GuideTech. Sherwood requested payment of attorneys' fees incurred in his dispute with GuideTech. Leisz, the founder, President, and Chief Executive Officer of Wavecrest, declared that he "believed that [Sherwood] would sue Wavecrest if Wavecrest did not pay the attorneys' fees that Sherwood incurred relating to his dispute with GuideTech." Leisz Decl. ¶8.[2] Communication regarding a possible settlement of this dispute began in 1998.

In July 2002, Leisz met with Robert Scott Bausback ("Bausback"), the Chief Operating Officer of LeCroy Corporation ("LeCroy"), to discuss the possible acquisition of Wavecrest by LeCroy. Leisz and Wavecrest assert that this meeting was in the context of due diligence, though Sherwood alleges that the two companies had not entered formally into due diligence. At the

---

[2] Sherwood objects to portions of the Leisz declaration on the grounds of irrelevance (¶ 1), hearsay (¶¶ 8, 9, 10, 11, 13, 14, and 15), and confidential settlement communications (¶¶ 7, 8, 9, 10, 11, and Exhibit A). The Court does not rule on this objection at this time because the disposition of the instant motion does not turn on the admissibility of the Leisz declaration. However, the Court does note that it is likely that all portions of the declaration would be admitted in future stages of this litigation. Defendants correctly argue that Federal Rule of Evidence 408 provides that while evidence related to settlement "is not admissible to prove liability for or invalidity of the claim or its amount," the Rule "does not require exclusion when the evidence is offered for another purpose." Defendants also identify reasons why the evidence should not be excluded as hearsay. These include the non-application of the hearsay rule to statements not offered for the truth of the matter asserted and the exceptions for party admissions and state of mind evidence.

time of this meeting, Sherwood was employed by LeCroy. What Leisz said to Bausback at this meeting is central to the instant dispute and is debated by the parties.

Sherwood learned of the exchange between Leisz and Bausback in the context of a lawsuit that Sherwood filed against another former employer, Cypress Semiconductor Corporation ("Cypress"). On June 25, 2003, Sherwood filed a complaint in Santa Clara Superior Court alleging that Cypress caused Sherwood's termination from LeCroy, *Sherwood v. Cypress Semiconductor Corp., et al.*, 1-03-CV-818126. On June 10, 2004, Bausback was deposed. In his deposition testimony, Bausback indicated that statements made by Leisz, of Wavecrest, and Williams, of Amherst, influenced LeCroy's decision to fire Sherwood. Based on this deposition testimony, Sherwood filed the instant case against Leisz, Wavecrest, Williams, and Amherst, while the state court case was still pending. Williams and Amherst have not yet filed any motions in this Court.

Sherwood relies on the June 10, 2004 deposition of Bausback for his allegations against Leisz and Wavecrest. In the deposition, Bausback described a meeting that he had "with the principals of Wavecrest Corporation here in New York, getting to know each other. This was a pre-acquisition discussion." Bausback Depo. at 63.[3] He testified that when he mentioned that Sherwood had been hired by LeCroy, the Wavecrest group responded negatively, and Bausback asked them what they knew about Sherwood. *Id*. at 64. Bausback testified as to their response: "I can't remember the exact words from Mr. Leisz, but paraphrasing the tone is that Mr. Sherwood has sued every single company he has ever worked for."[4] *Id.* at 64-65. He testified

---

[3] Both parties submitted selected portions of the deposition of Bausback taken on June 10, 2004. Leisz and Wavecrest submitted portions of this deposition as Exhibit A of the declaration of Shannon Sevey. However, Sherwood submitted different portions of this deposition without authentication. There are no objections to this evidence and the Court will consider it to be admissible.

[4] Wavecrest and Leisz argue that Bausback's testimony is inadmissible as lacking in foundation because Bausback could remember only the tone of the conversation and not the precise words that Leisz used. However, Federal Rule of Evidence 602 requires only that "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Wavecrest and Leisz cite no authority for their proposition that a witness must

further:

> In fairness, they said he was technically very competent at what he did, they could understand why we would have been attracted to him given his skill set, but again, hard to recall the specifics, but the comment about he sued everybody he has ever worked for was coupled with general derogatory remarks about his character. And I believe leaving that meeting with – I left that meeting with a strong warning, watch out for this guy, he's going to be trouble.

*Id*. at 65.

Leisz and Wavecrest offer a different version of the conversation that took place during this meeting. Leisz declared:

> In the context of this due diligence meeting at LeCroy, Bausback inquired whether there were any current or threatened lawsuits of which Wavecrest was on notice. In response, I stated words to the effect of while Wavecrest had not been sued to date, the only lawsuit that I believe could occur is from Mark Sherwood. I referenced that Sherwood had been in a dispute over his Wavecrest non-compete and threatened a lawsuit over the fees that Sherwood had allegedly incurred in connection with the dispute.

Leisz Decl. ¶15. He declared further that all of his "statements to Bausback concerning Mark Sherwood were factual and in response to a routine due diligence inquiry from an executive of a company that was considering purchasing Wavecrest." *Id*. ¶16.

## II. DISCUSSION

Wavecrest and Leisz move to strike all three of Sherwood's claims for relief on the ground that they constitute a "strategic lawsuit against public participation" ("SLAPP") within the meaning of the California anti-SLAPP statute, California Code of Civil Procedure § 425.16. The anti-SLAPP statute allows a defendant to move to strike a claim if it "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). Such acts are defined to include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under

---

remember accurately the precise words spoken in order for evidence to be admissible. As a participant in the conversation at issue, Bausback has personal knowledge of the conversation about which he testified. Accordingly, the evidence is admissible.

consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e). The statute "shall be construed broadly," Cal. Code Civ. Proc. § 425.16(a), and provides for the mandatory award of attorneys' fees and costs to a defendant who successfully brings a special motion to strike. Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001).

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.'" *Id*. (quoting *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1129 (N.D. Cal. 1999)). "Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" *Id*. (quoting *Globetrotter*, 63 F.Supp.2d at 1129).

Leisz and Wavecrest argue that the Court should decide the instant motion based on Leisz's account of his statements. However, Sherwood's allegations rely on Bausback's representation of the conversation between Leisz and Bausback. Although Leisz and Wavecrest present an alternative account of the conversation, the Court cannot choose to give more weight to this evidence than to the evidence that is the foundation of Sherwood's allegations. In the context of an anti-SLAPP motion, a court may not weigh the evidence. *See Wilcox v. Superior Court*, 33 Cal. Rptr. 2d 446, 454 (Cal. Ct. App. 1994), *overruled on other grounds by Equilon Enter. v. Consumer Cause, Inc.*, 29 Cal.4th 53 (Cal. 2002). Thus, for the purpose of determining whether the challenged conduct falls within a category of speech that is protected by the anti-SLAPP statute, the Court must consider the nature of the conversation as accounted by Bausback.

Leisz and Wavecrest have not demonstrated that Leisz's statements, as described by Bausback, fall within any of the first three enumerated categories of speech that are protected by

5

Case No. C 05-02354
ORDER DENYING SPECIAL MOTION TO STRIKE AND DENYING REQUEST FOR ATTORNEYS' FEES
(JFLC1)

the anti-SLAPP statute. Relying on Bausback's account of Leisz's statements, rather than on Leisz's account, there is no indication that the statements were made before or in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law. Cal. Code Civ. Proc. § 425.16(e)(1)-(2). It is undisputed that the statements were not made in a place open to the public or a public forum. Cal. Code Civ. Proc. § 425.16(e)(3). The fourth category enumerated in §425.16(e) covers much, if not expressly all, of the remainder of the conduct that is covered by the statute. Cal. Code Civ. Proc. § 425.16(e)(4) ( "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."). Leisz and Wavecrest point out that the four categories enumerated in § 425.16(e) are not all-inclusive. *Averill v. Superior Court*, 42 Cal. App. 4th 1170, 1175 (Cal. Ct. App. 1996). For example, in *Averill*, the court clarified that a statement about a public issue made in a private conversation is covered by the statute, even if this is not necessarily expressly clear from the language of the statute itself. *Id*. at 1175-76. Further determination of what may be covered by the statute that is not expressly included in the fourth enumerated category is not necessary for the determination of the instant motion. Both the general statement of the coverage of the anti-SLAPP statute and the fourth enumerate category require that the defendant's statements must have been made "in connection with a public issue." Cal. Code Civ. Proc. §§ 425.16(b)(1) and (e)(4).

Leisz and Wavecrest have not demonstrated that Leisz's statements were made in connection with a public issue. Basing their argument on Leisz's account of his statements, Leisz and Wavecrest suggest that the disclosure of potential litigation prior to possible acquisition by a public company is a public issue because it could affect thousands of shareholders. However, this argument fails for two reasons. First, as stated above, the Court cannot disregard Bausback's account of Leisz's statements in making its determination of the instant motion. From Bausback's account, it is not evident that the statements relate directly to potential litigation. Second, the anti-SLAPP statute covers statements that were made in connection with a public issue, not statements that could have an impact on the public. In the

cases cited by Leisz and Wavecrest as supporting their position that the Leisz statements were made in connection with a public issue, the statements at issue themselves related to public issues. *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 576 (Cal. Ct. App. 2003) ("[the] activities challenged by the complaint involved acts in furtherance of free speech and petition in connection with a public issue, namely '[t]he issue of illegal sales of contact lenses . . . .'"); *Averill*, 42 Cal. App. 4th at 1175 ("the allegedly slanderous statements arose in the context of a public issue, i.e., the placement of a shelter in petitioner's neighborhood."); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 784 (Cal. Ct. App. 1996) ("RM&S's communication raised a question of public interest: whether money designated for charities was being received by those charities.").

      Leisz and Wavecrest cite no authority for the proposition that communication that does not relate directly to a public issue, but which may have an effect on the public, is covered by § 425.16. As this Court has held previously, "the statements of one company regarding a competitor company do not satisfy the 'issue of public interest' requirement of the anti-SLAPP statute." *MCSi, Inc. v. Woods*, 63 F.Supp.2d 1127, 1130 (N.D.Cal. 1999) (citing *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1129 (N.D. Cal. 1999)). Similarly, a comment in a business meeting about the personal characteristics of another company's employee do not satisfy the "issue of public interest" requirement.

      The second part of the *Vess* inquiry requires that the plaintiff demonstrate a probability of prevailing on the challenged claims. As Leisz and Wavecrest point out, Bausback's deposition testimony is vague and may not be sufficient to prove Sherwood's allegations. Indeed, further discovery conceivably could establish that Defendants are entitled to summary judgment. However, because the first part of the *Vess* inquiry has not been satisfied, the Court need not reach the second part of the inquiry. Defendants have not made an initial prima facie showing that the suit arises from an act in furtherance of the defendant's rights of petition or free speech in connection with a public issue. Accordingly, the Court will deny the special motion to strike and the request for attorneys' fees and costs.

7

Case No. C 05-02354
ORDER DENYING SPECIAL MOTION TO STRIKE AND DENYING REQUEST FOR ATTORNEYS' FEES
(JFLC1)

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants Leisz and Wavecrest's special motion to strike is DENIED.

IT IS FURTHER ORDERED that Defendants Leisz and Wavecrest's request for attorneys' fees and costs is DENIED.

DATED: November 1, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

| | | |
|---|---|---|
| 1 | This Order has been served upon the following persons: | |
| 2 | Robert David Baker | attyatlaw@earthlink.net |
| 3 | Bradford K. Newman | bradfordnewman@paulhastings.com, yvettekillingham@paulhastings.com |
| 5 | John Sherman Purcell | johnpurcell@quinnemanuel.com, |

Nieve Anjomi
Baker & Anjomi
1611 The Alameda
San Jose, CA 95126