**E-Filed 3/8/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MARK SHERWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>WAVECREST CORPORATION; AMHERST SYSTEMS, INC; DENNIS LEISZ; and MICHAEL K. WILLIAMS,,<br><br>    Defendants. | Case Number C-05-2354 JF<br><br>ORDER DENYING AS MOOT DEFENDANT LEISZ'S MOTION TO COMPEL PERFORMANCE OF SETTLEMENT; AND DENYING DEFENDANT LEISZ'S MOTION FOR MONETARY SANCTIONS<br><br>[Re: Docket No. 200] |

Plaintiff Mark Sherwood ("Sherwood") filed the instant lawsuit on June 9, 2005, alleging that Defendant Dennis Leisz ("Leisz"), the former CEO of Wavecrest, Inc. ("Wavecrest"), made defamatory comments to Sherwood's then-employer, causing the employer to terminate Sherwood. On July 2, 2007, the Court entered a default judgment against Wavecrest; on October 14, 2007, the Court entered an amended judgment fixing damages in the amount of $752,106.00. The Court thereafter presided over a jury trial on the issue of Leisz's personal liability for the alleged defamation; the jury returned a verdict in favor of Sherwood. On August 30, 2007, while the damages portion of the trial was proceeding, the Sherwood and Leisz agreed to settle the

action and the Court placed the settlement on the record. Pursuant to the settlement, Leisz agreed that he would pay Sherwood $150,000.00 in three installments. Leisz timely made the first two payments but failed to make the last payment. On April 20, 2009, the Court extended to May 11, 2009 Leisz's deadline for making the final payment. The Court ordered Leisz to file proof that he had made the required payment, and proof that he had fulfilled his obligation under the terms of the settlement to retract the disparaging statements that gave rise to the lawsuit.

Leisz made the final payment on April 22, 2009. He did not file proof of such payment with the Court. Nor did he file proof that he had retracted the disparaging statements. Instead, he filed the instant motion to compel Sherwood to execute a release for monetary sanctions. Sherwood did not file opposition to the motion but his attorney, Robert Baker, appeared at the hearing on July 24, 2009. The Court requested supplemental letter briefs from both parties and took the motion under submission.

It is apparent from the record that Leisz has complied with his obligations under the settlement. Accordingly, the Court HEREBY ORDERS that the terms of the settlement are SATISFIED and that the subject claims by Sherwood against Leisz ARE HEREBY RELEASED. The Court having made this order, there is no need for Leisz to obtain a separate release from Sherwood; the Court will deny Leisz's motion to compel as moot.

With respect to Leisz's motion for monetary sanctions, the Court previously has noted "Leisz's pervasive dilatory behavior throughout this litigation." Order of 4/20/2009 at 5. Moreover, Leisz failed to comply with the Court's order requiring him to file with the Court proof of payment and of the retraction of the defamatory statements. *Id*. The Court nonetheless has granted Leisz substantial leeway. Under these circumstances, the Court is not inclined to award Leisz sanctions based upon Sherwood's delay in executing a release. The motion for sanctions will be denied.

//
//
//
//

**ORDER**

(1) The Court HEREBY ORDERS that the terms of the settlement between Plaintiff Sherwood and Defendant Leisz are SATISFIED and that the subject claims by Sherwood against Leisz ARE HEREBY RELEASED;

(2) Leisz's motion to compel performance of settlement is DENIED AS MOOT; and

(3) Leisz's motion for monetary sanctions is DENIED.

Dated: March 8, 2010

_____
JEREMY FOGEL
United States District Judge